[Cite as *State ex rel. Board v. Stevenson*, 2026-Ohio-2480.]

STATE OF OHIO   )      IN THE COURT OF APPEALS
         )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT  )

STATE EX REL. JULIUS BOARD      C.A. No.  31897

  Relator

  v.

JUDGE DIANA STEVENSON      ORIGINAL ACTION IN
                MANDAMUS

  Respondent

Dated:  June 30, 2026

PER CURIAM.

{¶1} Relator, Julius Board, filed a complaint seeking a writ of mandamus to order Respondent, Judge Stevenson, to rule on several motions that he filed pro se.  Judge Stevenson moved to dismiss, arguing that this action is moot because she has recused herself from Mr. Board's case.  Mr. Board did not respond to the motion.

{¶2} Pursuant to R.C. 2731.04, "application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit."  A complaint is subject to dismissal when a relator fails to notarize the complaint or support it with a notarized affidavit.  *State ex rel. Reeves v. Chief of Police, Cedar Point Police Dept*., 2015-Ohio-2909, ¶ 4.  Mr. Board's complaint is neither verified nor supported by a notarized affidavit.  Consequently, the petition does not comply with R.C. 2731.04, and it is subject to dismissal for that reason.

{¶3} In addition, it appears that Mr. Board's petition is moot. This Court may consider evidence outside the petition to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to the docket, Judge Stevenson has recused herself and Judge Todd McKenney now presides over Mr. Board's case. Because the complaint named Judge Stevenson in her capacity as a judge of the Barberton Municipal Court and sought to compel actions that can only be taken in her capacity as a judicial officer, this Court concludes that this action is moot.

{¶4} Accordingly, this case is dismissed. Costs of this action are taxed to Mr. Board. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. See Civ.R. 58(B).

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JULIAN BOARD, Pro Se, Petitioner.

JUDGE DIANA STEVENSON, Pro Se, Respondent.